**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JORDAN DEULEY, *et al.*,

                Plaintiffs,

     v.

ISLAMIC REPUBLIC OF IRAN,

                Defendant.

Case No. 21-cv-2160-JMC-MAU

**MEMORANDUM OPINION**

Plaintiffs Jordan Deuley, Justin Deuley, Michelle Deuley, Kathy Gibson, William Gibson, Angela Jaeger, Ryan Kringle, Jay Murray, and Preston Perkins are the victims and family members of victims of terrorist attacks that occurred in Afghanistan and Iraq. They are part of a larger group of plaintiffs who originally filed this suit against Defendant the Islamic Republic of Iran for its state sponsorship of terrorism under the Foreign Sovereign Immunities Act, seeking to bring claims for "personal injury or death that was caused by an act of . . . extrajudicial killing" or the "provision of material support or resources for such an act." 28 U.S.C. § 1605A(a)(1). The remaining Plaintiffs have now moved the Court for a default judgment. ECF 38. The Court referred this matter to Magistrate Judge Moxila Upadhyaya, who issued a report and recommendation. ECF 40. Having reviewed Judge Upadhyaya's thorough and thoughtful report and recommendation, and given the lack of any objections, the Court fully agrees with the analysis and conclusions reached in the report. The Court will adopt the report and recommendation in its entirety and **GRANT** Plaintiffs' Amended Motion for Default Judgment.[1] ECF 38.

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to

1

Under Federal Rule of Civil Procedure 55(b)(2), the Court may enter default judgment against an absent respondent when a petitioner applies for it. But "the entry of a default judgment is not automatic," *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005), particularly when the defaulting party is a foreign sovereign. Such cases are governed by the Foreign Sovereign Immunities Act (FSIA), which "affords the sole basis for obtaining jurisdiction over a foreign state in United States courts." *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 13 (D.C. Cir. 2015); *see* 28 U.S.C. § 1604. Under the FSIA, foreign sovereigns are presumptively immune from suit unless certain statutory exceptions apply. *Mohammadi*, 782 F.3d at 13–14; 28 U.S.C §§ 1604, 1605–07. Accordingly, before entering a default judgment against a foreign state, the Court must satisfy itself that it has subject-matter jurisdiction over the claims (in other words, that a statutory exception to immunity applies) and personal jurisdiction over the respondent. *See, e.g.*, *Sterling Merch. Fin. Ltd. v. Republic of Cabo Verde*, 261 F. Supp. 3d 48, 50 (D.D.C. 2017). Even after confirming its jurisdiction, a court cannot enter a default judgment against a foreign state unless the petitioner presents "a legally sufficient *prima facie* case, in other words, a legally sufficient evidentiary basis for a reasonable [fact finder] to find for the plaintiff." *Kilburn v. Islamic Republic of Iran*, 699 F. Supp. 2d 136, 150 (D.D.C. 2010) (quoting *Gates v. Syrian Arab Republic*, 580 F. Supp. 2d 53, 63 (D.D.C. 2008), *aff'd*, 646 F.3d 1 (D.C. Cir. 2011)). The "satisfactory" evidence standard "can be met through uncontroverted factual allegations supported by documentary and affidavit evidence." *Ewan v. Islamic Republic of Iran*, 466 F. Supp. 3d 236, 244 (D.D.C. 2020).

After the Islamic Republic of Iran failed to respond to the complaint, the Clerk of the Court entered a default on November 9, 2023. ECF 15. After some Plaintiffs voluntarily dismissed their claims, a group of remaining Plaintiffs filed a motion for default judgment on January 31, 2025.

---

documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

ECF 30. The Court referred the motion to a magistrate judge to issue a report and recommendation, Feb. 4, 2025 Min. Order, and Magistrate Judge Moxila Upadhyaya was randomly assigned to the case, Feb. 4, 2025 Min. Entry. Judge Upadhyaya issued her first report and recommendation on September 19, 2025, which the Court adopted. ECF 36; ECF 37. The first report recommended that the motion for default judgment, ECF 30, be denied without prejudice because Plaintiffs "request[ed] leave to file supplemental expert reports and to make amended arguments in support of their [m]otion." ECF 36 at 1. The Court adopted that recommendation and set a briefing schedule for the amended motion. ECF 37.

Plaintiffs filed their amended motion for default judgment on October 17, 2025. The Court again referred the case to Judge Upadhyaya. Oct. 21, 2025 Min. Order. Judge Upadhyaya issued her second report and recommendation on March 24, 2026. ECF 40. Plaintiffs filed their notice of non-objection to the report and recommendation on April 9, 2026. ECF 41. In her second report and recommendation, Judge Upadhyaya recommended that the Court grant Plaintiffs' amended motion for default judgment. ECF 40 at 1. She concluded that Plaintiffs had met the three required elements for default judgment in an FSIA case by showing that (1) the Court had subject matter jurisdiction over their claims, (2) the Court had personal jurisdiction over Iran, and (3) there was sufficient evidence to establish their claims against Iran.

Judge Upadhyaya began by addressing Plaintiffs' evidentiary requests, including qualifying their experts and refusing to take judicial notice of certain reports and testimony submitted in prior FSIA cases. ECF 40 at 4–7. Judge Upadhyaya then made findings of fact about Iran's material support for terrorism in Afghanistan and Iraq. *Id.* at 7–12. The report analyzed the specific attacks in Afghanistan and Iraq that gave rise to this suit: (1) the August 29, 2004, Kabul

attack that killed John A. Deuley and Gerald "Jerry" W. Gibson[2]; (2) the December 15, 2006, Mehtar Lam attack that severely injured Plaintiff Jay Murray; (3) the December 23, 2004, Fallujah attack that severely injured Plaintiff Ryan Kringle; and (4) the November 16, 2005, Haditha attack that severely injured Plaintiff Preston Cody Perkins.

Turning to jurisdiction, Judge Upadhyaya found that the Court had subject matter jurisdiction over this suit because Plaintiffs established that they met the requisite elements to invoke the FSIA's terrorism exception. ECF 40 at 16–17. Plaintiffs sought "money damages against Iran . . . for deaths or injuries that Plaintiffs sustained in four terrorist attacks" and "an extrajudicial killing occurred in each of" the attacks at issue. *Id.* at 17 (citing 28 U.S.C. §§ 1605A(a)(1), (h)(7)). Iran's Supreme Leader and Quds Force provided material support for these attacks and Iran is designated as a state sponsor of terrorism by the Secretary of State. *Id.* at 18. Plaintiffs also qualify as claimants or victims under the FSIA because they were U.S. nationals at the time of the attacks. *Id.* (citing 28 U.S.C. § 1605A(a)(2)(A)(ii)). Judge Upadhyaya also concluded that Plaintiffs had established the required element of causation because Iran's material support to terrorist groups was a proximate cause of Plaintiffs' personal injuries or family members' deaths. *Id.* at 18–26. Next, Judge Upadhyaya concluded that the Court also had personal jurisdiction over Iran because, under the FSIA, "subject matter jurisdiction plus service of process equals personal jurisdiction" and "Plaintiffs complied with the FSIA's service of process rules and properly served Iran." *Id.* at 26 (citing *GSS Grp. Ltd v. Nat'l Port Auth.*, 680 F.3d 805, 811 (D.C. Cir. 2012)).

Plaintiffs also demonstrated that they each had a private right of action to pursue their claims against Iran under the FSIA as U.S. citizens and that they had presented viable theories of

---

[2] Plaintiffs Michelle Deuley, Justin Deuley, Jordan Deuley, Kathy Gibson, William Gibson, and Angela Jaegar are the family members of John A. Deuley and Jerry Gibson. ECF 40 at 12–14.

liability because they had "established that Iran is a state sponsor of terrorism that caused the deaths or personal injuries of Plaintiffs by materially supporting terrorist groups in Afghanistan and Iraq." *Id.* at 27. Judge Upadhyaya then found that (1) Plaintiffs Michelle Deuley, Justin Deuley, Jordan Deuley, Kathy Gibson, William Gibson, and Angela Jaeger were entitled to solatium damages for the loss of their loved ones, *id.* at 30–31; (2) Plaintiffs Ryan Kringle, Preston Cody Perkins, and Jay Murray were entitled to pain and suffering damages, *id.* at 32–33; and (3) all Plaintiffs were entitled to punitive damages and post-judgment interest, *id.* at 34–35.

Finally, Judge Upadhyaya's report contained the requisite notice informing the parties of their right to file written objections to the report and recommendation pursuant to Local Rule 72.3(b) and that any such objection must be filed within 14 days after its receipt. *Id.* at 36. Plaintiffs filed a notice stating that they had no objections to the report and recommendation. ECF 41. The Court fully agrees with the analysis and conclusions reached in the report and **ADOPTS** in full Judge Upadhyaya's report and recommendation. ECF 40. Plaintiffs' amended motion for default judgment is **GRANTED**. ECF 38. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: May 4, 2026

5